WALLACE, Circuit Judge,
dissenting:
I respectfully dissent from the majority disposition of this case. I would affirm the distinct court’s denial of social security benefits.
I.
I believe that the ALJ set forth specific and legitimate reasons for rejecting the opinions of Mr. Hostrawser’s treating physicians, and instead crediting the opinions of examining physician, Dr. Rand, and a non-examining state agency physician, Dr. Raymond Fujikami, that Mr. Hostrawser was limited to light exertion with some postural limitations. The opinions of Dr. Rand and Dr. Fujikami can constitute “substantial evidence” supporting the rejection of treating physicians’ opinions. Even assuming that both Dr. Rand and Dr. Fujikami should be considered non-examining physicians, “opinions of non-treating or non-examining physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record.” Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir.2002). That standard was met here.
Treating physician Dr. Armold opined that Mr. Hostrawser could lift less than 10 pounds, stand less than a half-hour, and sit for one-half to one hour in a workday. The ALJ accorded this opinion “little weight” because “the evidence as a whole supports a conclusion that the claimant would be able to do a light level of exertion,” citing evidence that Mr. Hostraw-ser’s leg pain improved significantly with injections. The majority argues that the reduction in Mr. Hostrawser’s leg pain was not a proper basis for rejecting the treat *379 ing physicians’ opinions because his main problem was back pain. However, as the district court stated, Mr. Hostrawser’s hearing testimony discussed both leg and back pain. I do not think it was unreasonable for the ALJ to conclude that reduction in his leg pain would reduce his overall pain symptoms and increase his ability to work.
Similarly, treating physician Dr. Stein-gart opined that Mr. Hostrawser was not capable of working. The ALJ, however, pointed to Dr. Steingart’s own observations, on more than one occasion, that Mr. Hostrawser’s leg pain had improved significantly. Moreover, Dr. Steingart’s opinion appears to be based in large part on Mr. Hostrawser’s own subjective reports of his pain, which the ALJ reasonably found to be less than fully credible, as discussed in Part I, above. Bray v. Comm’r, 554 F.3d 1219, 1228 (9th Cir.2009) (where treating doctor’s prescribed work restrictions were based on claimant’s subjective characterization of her symptoms, and the ALJ determined that the claimant’s description of her limitations was not entirely credible, “it is reasonable to discount a physician’s prescription that was based on those less than credible statements”).
Finally, treating physician Dr. Porter and his colleague Nurse Practitioner Still-well opined that Mr. Hostrawser could lift less than 10 pounds, stand for less than two hours, and sit for less than 6 hours. The ALJ gave this opinion “little weight because such extreme limitations áre inconsistent with” Mr. Hostrawser’s reports to Dr. Porter that he was satisfied with the medications he received and the fact that he continued to do part-time plumbing work. I believe this conclusion is also legitimate and supported by substantial evidence. Mr. Hostrawser’s statements regarding his satisfaction with his medications are at least somewhat probative that he found that level of pain control acceptable. Dr. Porter’s opinion could also reasonably be seen as inconsistent with the fact that Mr. Hostrawser was able to do at least some plumbing jobs. As the district court observed, this case is distinguishable from Lingenfelter v. Astrue, where the claimant “tried to work for nine weeks ... and failed.” 504 F.3d 1028, 1039-40 (9th Cir.2007). Rather, the record shows some evidence that he succeeded in working part-time for about two years and even advertised his services. Again, such evidence does not necessarily show that he was capable of sustaining heavy plumbing work full-time, but it can serve as a specific and legitimate reason why the ALJ chose not to rely on the treating physicians’ limitations.
II.
I also believe that the ALJ set forth specific, clear, and convincing reasons for rejecting Mr. Hostrawser’s testimony regarding the severity of his symptoms.
First, the ALJ relied on Mr. Hostraw-ser’s failure to disclose income to the Social Security Administration, even though he admitted that during the relevant time periods he performed some part-time plumbing work and also did some work buying, fixing up, and renting out rental properties. While this work may not have resulted in significant income, the work did not need to constitute “substantial gainful activity,” as the majority suggests; the point is that he did not report what money he did make. An ALJ may use “ordinary techniques of credibility evaluation,” and as long as he “makes specific findings that are supported by the record, the adjudicator may discredit the claimant’s allegations based on inconsistencies in the testimony or on relevant character evidence.” Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir.1991) (en banc). The ALJ did not cite *380 Mr. Hostrawser’s earning records to show that he engaged in substantial gainful activity, but to show a lack of candor, and I believe that this is a clear and convincing reason for finding Mr. Hostrawser not fully credible. I cannot brush off this obvious lack of truth, as does the majority, as “faulty income reporting” or a “discrepancy.” The ALJ properly could find this a demonstration of a lack of candor.
Second, I believe that the ALJ provided an additional clear and convincing reason for discrediting Mr. Hostrawser’s symptom testimony by pointing to his international travel. At the hearing, Mr. Hos-trawser testified that he took two trips, one to the Ukraine and one to Minnesota. However, the medical record reflected two overseas trips. On January 10, 2005, his doctor noted that he had just returned from Europe the night before, and on November 21, 2005, medical records show that he hurt his knee while traveling in Russia the week before. The ALJ could have reasonably inferred that Mr. Hos-trawser was not fully truthful about his travel at the hearing. Moreover, two trips from Arizona to the Eurasian continent over the course of one year could reasonably be viewed as inconsistent with Mr. Hostrawser’s self-described pain symptoms; it is difficult to see how someone who can only sit for about half an hour and must lie down for seven hours in an eight-hour day due to his pain could take two round-trips involving very long airplane flights. The majority argues that this travel does not show he was capable of the physical functions required for full-time work, but again, that misstates the inquiry. The ALJ did not cite Mr. Hostrawser’s travel as proving that he could perform any specific full-time job; rather, the ALJ pointed to the travel as a reason why he did not fully credit Mr. Hostrawser’s testimony regarding the severity of his pain. Because the evidence of Mr. Hostrawser’s travel suggests both that he was not fully candid at his hearing and that his physical limitations were not as severe as he described them to be, I would hold that this was an additional clear and convincing reason for discrediting Mr. Hostrawser’s symptom testimony.
For the foregoing reasons, I respectfully dissent.